# McGonigle v. Currence

*Paul M. Daniels,* for plaintiffs.
*Ray F. Middleman,* for defendants.

DOYLE, *J.,* October 26, 1988 — On March 16, 1987, plaintiffs filed a complaint (civil action) sounding in assumpsit and trespass. An answer and new matter was filed by defendants and an answer (sic) to the new matter was filed by plaintiffs. A board of lawyer-arbitrators was empanelled, and on October 8, 1987 assembled to hear and determine the matter. Plaintiffs did not appear before the board to pursue their claims and the arbitrators entered an award for defendants.

On October 16, 1987, plaintiffs filed an appeal for trial de novo from the award. On July 19, 1988, the case was listed in the Pittsburgh Legal Journal, the official "notice" newspaper for lawyers and the court system of Allegheny County, Pennsylvania, for trial on September 13, 1988. On September 13, 1988, both counsel appeared when the case was called for trial. Counsel for defendants moved to dismiss the appeal for failure of plaintiffs to appear at the arbitration hearing and present their case to the arbitrators. That motion was granted and the appeal was dismissed by order dated September 13, 1988.

Plaintiffs did not file any motion for post-trial relief under Pa.R.C.P. 227.1. On September 16,

1988, plaintiffs appealed the matter to the Superior Court of Pennsylvania at no. 1389-PGH-1988.

On September 23, 1988, defendants filed their motion to strike plaintiffs' motion for reconsideration. Plaintiffs' motion to reconsider and defendants' motion to strike the same were listed for argument before the trial court on Friday, October 14, 1988, at which time plaintiffs' counsel was advised that his motion would be denied. By order dated Monday, October 17, 1988, plaintiffs' motion for reconsideration was denied and defendants' motion to strike was dismissed.

That section of the Judicial Code which relates to judicial arbitration of civil matters which are referred to boards of arbitration under court rule (Pa. R.C.P. 1301 et seq. and Local Rule 1301 et seq.) provides:

"§7361(d). *Appeal for trial de novo*

"Any party to a matter shall have the right to appeal for trial de novo in the court. The party who takes the appeal shall . . . comply with such . . . procedures as shall be prescribed by general rules. . . ."

Whether vel non plaintiffs' appeal relates to "an appealable order" under the Rules of Appellate Procedure is a matter with respect to which we are coram non judice and, if decided, will be decided by the Superior Court.

Whether vel non this court, under the circumstances, was authorized to entertain and/or decide the post-appeal motion for reconsideration under Pa.R.A.P. 1701(b), if decided, will be decided by the Superior Court.

We are of the opinion that the "reconsideration" provided for in 42 Pa.C.S. §5573 is not applicable to the matter in controversy.

Our decision of September 13, 1988 (dismissing plaintiffs' appeal from the award) is based upon the legal theory that a party to litigation (particularly a plaintiff who commenced the litigation) who, being notified, does not appear at the appointed time and place before a tribunal authorized by law to hear evidence and determine the case or controversy, impliedly acquiesces in the decision or award rendered by that tribunal. *Tribunal,* used in 42 Pa.C.S. §7361(d), is defined in 42 Pa.C.S. §102; appeal from appointive judicial office is specified in 42 Pa. C.S. §5101(a)(3); *appointive judicial officer* includes arbitrators (42 Pa.C.S. §102). Such delinquent is in the same position as a citizen who does not vote at an election of public officials. He is assumed to impliedly posit that he accepts any result of that election.

Our decision also applies the theory that by impliedly acquiescing in the award, the voluntary non-participant, a fortiori, impliedly waives his right to appeal from that award. This is a necessary sequent to the conclusion anent implied acquiescence in the award.

The right to appeal from *compulsory/judicial* arbitration under section 7361, *supra,* was inserted into the Judicial Code to avoid conflict with Pennsylvania Constitution, Article I, section 6 (relating to trial by jury). However, whether based on common law, constitution, legislation, judicial decisions or general rules of court, any legal right may be waived. Pa.R.C.P. §1007.1 prescribed that the right to trial by jury in civil cases "shall be *deemed* waived" by failure to file a written demand for a jury trial. The same rule is applied to a "deemed" withdrawal of a demand for jury trial. Thus, trial

324

courts have been authorized to "deem" certain rights waived, consequent upon specified inaction or action.

In this case, we "deemed" that plaintiffs, by failing to appear at the time and place specified to present evidence on the case that they filed, had acquiesced in the award of the arbitrators. We also "deemed" that plaintiffs, ex necessitate, as sequent to their first waiver, had waived their right to appeal from the arbitration award to the court for a trial de novo.

We note that our decision comports with *Hall v. Reeb,* 136 Pitts. Leg. J. 299 (1988), a decision of McGowan, *J.,* of this court.

Plaintiffs rely on *Sipe v. Pa. R.R. Co.,* 219 Pa. 210, 68 Atl. 705 (1908), which construed the compulsory Arbitration Act of June 16, 1836, P.L. 715. Section 17 of the cited statute (15 P.S. §41) (relating to absence of a party at the arbitration hearing) along with the entire statute was repealed by the Judiciary Repealer Act (JARA), Act of 1978, no. 53, §2(a)[149]. Plaintiff also cites *Barmak v. Duquesne Light Co.,* 133 Pitts. Leg. J. 404 (1985), which also relies on *Sipe,* which relies on the Act of 1836, which has been repealed.